Approved: _____  21MAG11874
          DAVID J. ROBLES
          Assistant United States Attorney

Before:   HONORABLE JAMES L. COTT
           United States Magistrate Judge
           Southern District of New York

- - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | : COMPLAINT |
| | : |
|    - v. - | : Violations of |
| | : 21 U.S.C. § 841 and 18 |
| JESSY CASTRO, | : U.S.C. §§ 924(c) and 2 |
| | : |
|       Defendant. | : COUNTY OF OFFENSE: |
| | : BRONX |

- - - - - - - - - - - - - - - - - - X

SOUTHERN DISTRICT OF NEW YORK, ss.:

      VICTOR DEFENSE, being duly sworn, deposes and says that he is a Detective with the New York City Police Department (the "NYPD"), and charges as follows:

### COUNT ONE
(Narcotics Trafficking)

    1. On or about December 9, 2021, in the Southern District of New York and elsewhere, JESSY CASTRO, the defendant, intentionally and knowingly distributed and possessed with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

    2. The controlled substance involved in the offense was a quantity of mixtures and substances containing a detectable amount of cocaine base, in violation of Title 21, United States Code, Section 841(b)(1)(C).

        (Title 21, United States Code, Section 841.)

### COUNT TWO
(Firearms Offense)

    3. On or about December 9, 2021, in the Southern District of New York and elsewhere, JESSY CASTRO, the defendant, during and in relation to a drug trafficking crime for which he can be

prosecuted in a court of the United States, namely, the narcotics trafficking offense charged in Count One of this Complaint, knowingly did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm.

(Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2.)

The bases for my knowledge and the foregoing charges are, in part, as follows:

4. I am a Detective with the NYPD. I have been personally involved in the investigation of this matter. This Affidavit is based upon my personal participation in the investigation, my examination of reports and records, and my conversations with other law enforcement officers and other individuals. Because this Affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

5. Based on my participation in this investigation, including my conversations with other law enforcement officers and my review of law enforcement reports and records, as well as my training and experience, I have learned the following, in substance and in part:

a. On or about December 9, 2021, at approximately 10:36 p.m., an undercover law enforcement officer ("UC-1") approached an individual, later identified as JESSY CASTRO, the defendant, in the vicinity of 159 East 170th Street in the Bronx, New York ("Location-1"). UC-1, who was wearing a concealed video-recording device, asked CASTRO for "hard." Based on my training and experience, as well as my review of law enforcement records, I know that "hard" is a street reference for cocaine base, commonly known as "crack cocaine."

b. CASTRO told UC-1, in sum and substance, that he did not have any "hard" to sell. UC-1 then left Location-1.

c. As UC-1 was walking away, CASTRO called out to UC-1. UC-1 returned to meet CASTRO, who asked UC-1, in sum and substance, how much UC-1 was looking to purchase. UC-1 told CASTRO, in sum and substance, that UC-1 wanted to purchase two

"dimes." Based on my training and experience, I know that a "dime" refers to a $10 bag of crack cocaine.

   d. UC-1, who was still wearing a concealed video recording device, then followed CASTRO into a laundromat in the vicinity of 1402 Wythe Place in the Bronx, New York ("Location-2"). Once inside Location-2, CASTRO handed UC-1 two yellow capsules of suspected crack cocaine in exchange for $20 in pre-recorded buy money. UC-1 and CASTRO then left Location-2.

   e. Shortly thereafter, law enforcement –- who had been surveilling CASTRO as he walked out of Location-2 with UC-1 and never lost sight of CASTRO after he left Location-2 –- approached CASTRO and attempted to place him under arrest. CASTRO began to run away. Law enforcement caught up with CASTRO and attempted to place him under arrest. While doing so, CASTRO became combative and attempted to reach for his waistband. After a short physical struggle, which resulted in CASTRO dropping his jacket and being taken down to the ground, law enforcement observed a firearm (the "Firearm") under CASTRO's person. CASTRO was placed under arrest. At the scene, law enforcement also searched CASTRO's jacket and recovered, among other things, the pre-recorded buy money that UC-1 had provided CASTRO moments earlier, as well as approximately 38 additional vials of suspected crack cocaine. CASTRO was then taken to the 44th Precinct for processing.

   f. While at the 44th precinct, CASTRO was given *Miranda* warnings and participated in a video recorded post-arrest interview. During the interview, CASTRO admitted, in sum and substance, that he had sold had crack cocaine to UC-1, that the additional vials of suspected crack cocaine found in his jacket belonged to him, and that he had obtained the Firearm in or around 2019.

g.  Law enforcement vouchered the Firearm at the 44th Precinct.  The Firearm, a black .380 caliber Norinco pistol, was loaded and had 6 rounds of ammunition, including one round in the chamber of the Firearm.  A photograph of the Firearm taken by law enforcement at the 44th Precinct is depicted below:



WHEREFORE, I respectfully request that JESSY CASTRO, the defendant, be imprisoned or bailed, as the case may be.

/s/ Victor Defense with permission
_____
VICTOR DEFENSE
Detective
New York City Police Department

Sworn to me through the
transmission of this Complaint
by reliable electronic means,
this 10th day of December, 2021.

_____
JAMES L. COTT
United States Magistrate Judge

5